UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| _____ : | |
| BRUCE KING, : | Civil Action No. 05-5354 (MLC) |
| : | |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| ALFARO ORTIZ, et al., : | |
| : | |
| Respondents. : | |
| _____ : | |

**APPEARANCES:**

> BRUCE KING, #174157B
> East Jersey State Prison
> Lock Bag R
> Rahway, New Jersey  07065
> Petitioner Pro Se

**COOPER,** District Judge

Bruce King filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Mercer County.  Petitioner thereafter filed a motion to amend the Petition to clarify the one claim presented.  The Court will grant the motion to amend the Petition and direct the Clerk to file the amendment.  See United States v. Thomas, 221 F.3d 430, 433 (3d Cir. 2000); United States v. Duffus, 174 F.3d 333, 337-38(3d Cir. 1999).  Having screened the Petition for dismissal pursuant to Habeas Rule 4, see 28 U.S.C. § 2254 Rule 4, the Court will order Petitioner to show why the Petition should not be dismissed as untimely.  See 28 U.S.C. § 2244(d)(1)(A),(d)(2).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on May 1, 1992, after a jury found him guilty of murder and robbery. (Pet. ¶¶ 1-4.)  He was sentenced to an aggregate 30-year term, with a 30-year period of parole ineligibility.  (Id.)  Petitioner appealed.  In January 1995, the Superior Court of New Jersey, Appellate Division, affirmed.  (Id. ¶¶ 8-9.)  On July 13, 1995, the New Jersey Supreme Court denied certification.  State v. King, 142 N.J. 1363 (1995) (table).

On an unspecified date, Petitioner filed a pro se petition for post conviction relief in the Superior Court of New Jersey, which was amended by counsel in November 1996.  Petitioner appealed the order denying relief, and the Appellate Division affirmed on March 4, 1999.  The New Jersey Supreme Court denied certification on July 16, 1999.  See State v. King, 161 N.J. 334 (1999) (table).

On July 13, 2000, the Clerk filed Petitioner's first § 2254 Petition.  See King v. Hendricks, Civil Action No. 00-3370 (MLC). After issuing an order to show cause, this Court found some of the claims presented therein had not been exhausted and dismissed the petition without prejudice on January 4, 2002.

On an unspecified date, Petitioner filed a second petition for post-conviction relief in the Superior Court, which denied relief on March 26, 2003.  (Pet. ¶ 11.)  Petitioner appealed, and

2

in November 2003, the Appellate Division affirmed the order denying post-conviction relief.  (Id.)  According to the Petition, the New Jersey Supreme Court denied certification sometime in May 2004.  (Id.)

On October 30, 2005, Petitioner executed the Petition which is now before this Court.  The Clerk received it on November 9, 2005, together with an affidavit of poverty.  The Petition raises one ground:  denial of commutation and work credits pursuant to statutory amendments enacted in 1996 and 2000 after the imposition of Petitioner's sentence violates due process, equal protection and the Ex Post Facto Clause.  (Pet. ¶ 12.)

On February 14, 2006, the Clerk received Petitioner's motion to amend the Petition and a "Petition in Support of Motion for an Amendment of Petitioner's Petition for Writ of Habeas Corpus." Petitioner seeks to clarify the ground raised in the Petition as follows:  "THE IMPOSITION OF THE SENTENCE UPON PETITIONER/KING, IS EXCESSIVE OF OR OTHERWISE NOT IN ACCORDANCE WITH THE SENTENCE AUTHORIZED BY NEW JERSEY LAW."  Petitioner alleges he exhausted the ground in the New Jersey courts.  He asserts that he had earned 3,712 days of commutation credits and 1,201 days of work credits before New Jersey amended the law in 1996 and again in 2000.  He alleges that, pursuant to the amendments, prison officials deprived him of work and commutation credits.

3

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985).  To this end, Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.

B.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); Pace v. DeGuglielmo, 125 S.Ct. 1807, 1812 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  Equitable

5

tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." <u>LaCava v. Kyler</u>, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  <u>Id.</u>; <u>Merritt</u>, 326 F.3d at 168; <u>Miller</u>, 145 F.3d at 618-19; <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).

Extraordinary circumstances have been found where a party has (1) been actively misled, (2) in some extraordinary way been prevented from asserting rights, (3) timely asserted rights mistakenly in the wrong forum, or (4) been misled by a court as to the steps required to preserve a claim.  <u>See</u> <u>Jones</u>, 195 F.3d at 159; <u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir. 2005).  But even if extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." <u>Brown v. Shannon</u>, 322 F.3d 768, 773 (3d Cir. 2003) (quoting <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)).

6

The applicable limitations provision here appears to be §
2244(d)(1)(D), "the date on which the factual predicate of the
claim or claims presented could have been discovered through the
exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). To
determine the timeliness of a petition under § 2244(d)(1)(D), the
Court must first determine the "factual predicate" of the claim.
Id.; Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005); see
Johnson v. United States, 125 S.Ct. 1571 (2005). Next, a Court
must "determine the precise date on which [Petitioner], through
the exercise of due diligence, could have discovered the
existence of the [factual predicate.]" Id.

The statutory amendments whose applicability Petitioner
challenges were enacted, according to the Petition, in 1996 and
2000. (Pet. in Support of Motion at pp. 4, 6.) Given that
Petitioner did not sign the Petition until October 30, 2005, over
one year after the New Jersey Supreme Court denied his petition
for certification in May 2004, the Petition appears to be
untimely. (Pet. ¶ 11.C. & p. 6.) The Court will order the
Petitioner to show that the Petition is not time-barred. See
United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (federal
court hearing habeas petition has power to raise limitations
period sua sponte); Long v. Wilson, 393 F.3d 390 (3d Cir. 2004).

### III.  CONCLUSION

Based on the foregoing, the Court grants the motion to amend the Petition and orders Petitioner to show why the Petition should not be dismissed as untimely.


        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge