# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRUCE KING, | : | Civil Action No. 05-5354 (MLC) |
|  | : |  |
| Petitioner, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| ALFARO ORTIZ, et al., | : |  |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

**APPEARANCES:**

> BRUCE KING, #174157B
> East Jersey State Prison
> Lock Bag R, Rahway, New Jersey  07065
> Petitioner Pro Se

**COOPER,** District Judge

Bruce King filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254(a) challenging a conviction in New Jersey Superior Court, Mercer County.  On March 24, 2006, this Court granted Petitioner's motion to amend the Petition to clarify the one claim presented, and directed Petitioner to show cause why the Petition should not be dismissed as time-barred.  Petitioner filed a memorandum of law, two affidavits, and an appendix in response.  Petitioner also moved again to amend the Petition to add four additional claims.  Pursuant to Rule 4 of the Rules Governing Section 2254 Petitions, the Court will dismiss the Petition as untimely and deny a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on May 1, 1992, upon a jury finding him guilty of knowing or

purposeful murder, two counts of robbery, two counts of aggravated assault, and weapons offenses.  (Pet. ¶¶ 1-4.)  He was sentenced to an aggregate 30-year term of imprisonment, with a 30-year period of parole ineligibility.  (Id.)  Petitioner appealed.  The New Jersey Appellate Division affirmed in January 1995.  (Id. ¶¶ 8-9.)  On July 13, 1995, the New Jersey Supreme Court denied certification.  State v. King, 142 N.J. 1363 (1995).

On an unspecified date, Petitioner filed in New Jersey Superior Court a pro se petition for post-conviction relief, which was amended by counsel in November 1996.  Petitioner appealed the order denying relief, and the Appellate Division affirmed on March 4, 1999.  The New Jersey Supreme Court denied certification on July 16, 1999.  See State v. King, 161 N.J. 334 (1999).

On July 13, 2000, the Clerk received and filed Petitioner's first § 2254 Petition.  See King v. Hendricks, Civil No. 00-3370 (MLC) (D.N.J. filed July 13, 2000).  After issuing an order to show cause, this Court found some of the claims presented therein had not been exhausted and dismissed the petition without prejudice on January 4, 2002.

On an unspecified date, Petitioner filed a second petition for post-conviction relief in the Superior Court, which denied relief on March 26, 2003.  (Pet. ¶ 11.)  Petitioner appealed, and the Appellate Division affirmed the order denying post-conviction relief in November 2003.  (Id.)  According to the Petition, the New Jersey Supreme Court denied certification in May 2004.  (Id.)

2

On October 30, 2005, Petitioner executed the Petition now before this Court.  The Clerk received it on November 9, 2005. The Petition raises one ground:  denial of commutation and work credits pursuant to statutory amendments enacted in 1996 and 2000, after Petitioner's sentence was imposed, violates due process, equal protection and the Ex Post Facto Clause.  (Pet. ¶ 12.)

On February 14, 2006, the Clerk received Petitioner's motion to amend the Petition and a "Petition in Support of Motion for an Amendment of Petitioner's Petition for Writ of Habeas Corpus." This Court granted the motion on March 24, 2006.  The amendment clarifies the ground raised in the Petition as follows:  "THE IMPOSITION OF THE SENTENCE UPON PETITIONER/KING, IS EXCESSIVE OF OR OTHERWISE NOT IN ACCORDANCE WITH THE SENTENCE AUTHORIZED BY NEW JERSEY LAW."  As factual support, Petitioner asserts that he had earned 3,712 days of commutation credits and 1,201 days of work credits before New Jersey amended the law in 1996, and again in 2000.  He alleges that, pursuant to the amendments, prison officials deprived him of work and commutation credits.

This Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1), on March 24, 2006.[1]  In the Opinion accompanying the Order to Show Cause, this Court noted that the applicable limitations period (as

---

[1] See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (court hearing habeas petition can raise limitations period sua sponte); Long v. Wilson, 393 F.3d 390 (3d Cir. 2004) (same).

3

to the one claim raised in the Petition) appeared to be 28 U.S.C. § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The statutory amendments challenged by Petitioner were enacted in 1996 and 2000.  This Court explained that the Petition appeared to be untimely because Petitioner did not sign the Petition until October 30, 2005, which is at least 516 days after the New Jersey Supreme Court denied Petitioner's third petition for certification in May 2004.

Petitioner filed a six-page letter "Seeking Permission to Address the Court in Reference to a Clear Understanding of the Court's Orders and Instructions" on April 19, 2006.  On April 23, 2006, Petitioner executed and mailed to the Clerk a motion to amend the Petition, together with a document entitled "Merit Brief" and a 32-page appendix.  The "Merit Brief" appears to include the proposed second amended petition, which sets forth five additional grounds for habeas relief.[2]  Petitioner also filed a letter in response to the Order to Show Cause, his own affidavit, the affidavit of an inmate paralegal, and an appendix.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an

---

[2] None of the five new grounds is based on newly discovered facts or a new Supreme Court decision.

application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).

5

The AEDPA statute of limitations is also subject to equitable tolling.  See Miller, 145 F.3d at 618.  "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DeGuglielmo, 544 U.S. 408, 418 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Attorney error also is not sufficient.  See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital case, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling not warranted where petitioner relied on erroneous advice from state public defender that he had one year from state's denial of post-conviction relief to file federal habeas petition).

6

Extraordinary circumstances exist where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting rights, (3) the plaintiff has timely asserted rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that needed to be taken to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). But even if extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

The limitations provision applicable to Petitioner's original Petition is § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  To determine the timeliness of a petition under § 2244(d)(1)(D), the Court must first determine the claim's factual predicate.  Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005); see Johnson v. United States, 544 U.S. 295 (2005).  Next, a court must "determine the precise date on which [Petitioner], through the

exercise of due diligence, could have discovered the existence of the [factual predicate.]"  Wilson, 426 F.3d at 659.

The statutory amendments — the applicability of which Petitioner challenges — were enacted in 1996 and 2000 according to the Petition.  (Pet. in Support of Motion at pp. 4, 6.)  Given that Petitioner did not sign the Petition until October 30, 2005, at least 516 days after the New Jersey Supreme Court denied his third petition for certification in May 2004, the Petition appears to be untimely on its face.  (Pet. ¶ 11.C. & p. 6.)

Petitioner argues first that his untimely filing should be excused because "the matter involve[s] subsequent changes in State law and constitutional claims under the due process and ex post facto clauses."  (Petitioner's 4-28-06 letter, at 1.)  That Petitioner's claim is based on changes to state law in 1996 and 2000 is not an extraordinary circumstance warranting equitable tolling.[3]

Petitioner also argues that equitable tolling is warranted because the prison paralegal providing assistance to him (who suffers from learning disabilities) was administratively transferred twice in 2004, and thus did not have immediate access to Petitioner's legal papers.  Specifically, Petitioner asserts:

---

[3] Because Petitioner's claim is based on a 2000 statutory amendment, the one-year limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," see 28 U.S.C. § 2244(d)(1)(D), rather than April 24, 1996.

I am proceeding pro se, although, I suffer from learning
disability, which means unless I run across a jailhouse
lawyer who will take the time to look at all my state
case court documents, federal court documents, and go
real slow at explaining things to me, I just cannot
understand.

(Petitioner's affidavit, filed 6-13-06, ¶ 1.)  Also, the

paralegal Ronald Long alleges:

1.  That I am a prisoner paralegal and I hereby make
this affidavit to give facts on behalf of Bruce King.

2.  I have been assisting Bruce King in his criminal
case since 1995 when we were both confined together at
New Jersey State Prison (NJSP), Trenton.

3.  I was administratively transferred from NJSP in 1998
to Riverfront State Prison (RSP), then administratively
transferred to East Jersey State Prison (EJSP) in 1999,
then administratively transferred to South Woods State
Prison (SWSP) in 2004 for several months and finally
administratively transferred to Northern State Prison
(NSP) in December 2004.

4.  As a result of my administrative transfers and being
without my property or legal papers, there have been a
lot of mix ups with mail being lost or delayed by
delivery.

(Affidavit of Ronald Long, dated 4-25-06, ¶¶ 1-4.)

In Miller v. N.J. State Dep't of Corrections, 145 F.3d 616

(3d Cir. 1998), Miller argued that the limitation period should be

equitably tolled because "he was delayed in filing his petition

because he was in transit between various institutions and did not

have access to his legal documents." Id. at 617.  Holding that

AEDPA's statute of limitations was not jurisdictional and may be

equitably tolled in appropriate circumstances, the Third Circuit

remanded so that this Court could consider the issue in the first

instance.  However, "Miller neither holds nor states that an

evidentiary hearing must be held in every case where the petitioner alleges deprivation of access to legal papers." Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).

Moreover, deprivation of access to legal papers is not sufficient in most circumstances to warrant equitable tolling under the AEDPA.  See Robinson, 313 F.3d at 142-43; Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999).  For example, in Robinson, the petitioner argued that equitable tolling was warranted because he was transferred to a different unit five weeks before the expiration of the statute of limitations, and all of his personal belongings, including legal papers, were taken from him and not returned.  313 F.3d at 142.  Although Robinson's deprivation of legal materials occurred at the very end of the limitations period, the Third Circuit held that, because Robinson had the majority of the limitations period to work on his petition, he had not exercised due diligence or shown that equitable tolling was warranted.  Id. at 142-43; see McKeithan v. Varner 108 Fed.Appx. 55, 59 (3d Cir. 2004) (petitioner's "generalized allegations of restricted access to legal resources . . . , without more, do not advance his case for equitable tolling because such arguments do not explain his lack of diligence during periods when he was not in restrictive housing").

The statute of limitations began to run on June 1, 2004 at the latest here, after the New Jersey Supreme Court denied

10

Petitioner's third petition for certification in May 2004. Petitioner executed his § 2254 Petition 516 days later on October 30, 2005.  Ronald Long asserts that he did not have access to Petitioner's legal materials because he was administratively transferred (without the papers) in 1998, 1999, 2004, and December 2004.  But the statute of limitations ran from June 1, 2004, through June 1, 2005.  On the facts alleged by Petitioner, equitable tolling is not warranted because Petitioner does not explain his lack of diligence during periods when Long had access to Petitioner's legal papers.  Under these circumstances, Petitioner has not shown that he exercised adequate diligence in attempting to file a timely § 2254 petition.  Because the statute of limitations expired on June 1, 2005, at the latest, and because Petitioner is not entitled to equitable tolling, his § 2254 Petition, which was not executed until October 30, 2005, is barred by the statute of limitations.  This Court will accordingly dismiss the Petition as untimely.

B.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the

11

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely, denies Petitioner's motion to amend the Petition as moot, and denies a certificate of appealability.


                              s/ Mary L. Cooper
                         **MARY L. COOPER**
                         United States District Judge

12